UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KALZIP, INC.,
a Delaware corporation,

    Plaintiff/Counter-Defendant,

vs.                                                        Case No. 8:11-cv-01842-T-27TBM

TL HILL CONSTRUCTION, LLC,
a Florida limited liability company,

    Defendant/Counter-Plaintiff.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff/Counter-Defendant's Motion for Attorney's Fees and Entry of Final Judgment (Dkt. 104), TL Hill Construction's Response to Kalzip's Motion for Attorney's Fees and Entry of Final Judgment (Dkt. 105), and TL Hill Construction's Notice of Filing Exhibit to its Response to Kalzip's Motion for Attorney's Fees and Entry of Final Judgment (Dkt. 106).[1]

*Introduction*

Kalzip, Inc. ("**Kalzip**") seeks entry of a final judgment in its favor and against TL Hill Construction, LLC ("**TL Hill**"), in the amount of $528,933.62, consisting of $223,375 in actual

---

[1] On May 8, 2013, the Court granted summary judgment in favor of Kalzip, Inc. and against TL Hill Construction, LLC (Dkt. 102). The Order granting summary judgment indicated that Kalzip, Inc. is entitled to recover $223,375.11, plus interest, costs, and attorney's fees from TL Hill pursuant to the Kalzip Terms and further provided:

> Within **fourteen (14) days** from the date of this Order, Kalzip, Inc. shall file a motion for entry of final judgment incorporating a final calculation of the damages (inclusive of interest, fees, and costs) it contends it is entitled to recover from TL Hill Construction, LLC. TL Hill Construction, LLC may file a memorandum in opposition in accordance with the Local Rules.

damages, $230,665.00 in attorney's fees,[2] $7,428.28 in litigation expenses, and $67,465.23 in prejudgment interest.[3] TL Hill objects to the amount of attorney's fees requested by Kalzip.

The parties agree that a reasonable attorney's fee is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Wales v. Jack M. Berry, Inc.*, 192 F.Supp.2d 1313, 1317 (M.D. Fla. 2001). The parties also agree that a reasonably hourly rate is the market rate for similar services by similarly trained professionals in Tampa. *See American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The parties disagree, however, as to the number of hours that were reasonably expended by Kalzip and what constitutes a reasonable hourly rate.

Kalzip claims that its attorneys and paralegals reasonably expended 743.7 hours in connection with this litigation and that rates ranging from $125 per hour (for paralegals) to $400 per hour (for a managing senior partner with 26 years of legal experience) represent reasonable hourly rates. Kalzip supports the reasonableness of the hours expended and rates charged by referring to the complex nature of this litigation, the need to defend against TL Hill's counterclaim seeking in excess of $10,000,000 in damages, and various discovery disputes resulting in Kalzip filing eight separate motions to compel discovery and for sanctions.[4] Kalzip has not, however, submitted an

---

[2] This amount reflects a deduction of 138 hours ($44,409.80) from the actual worked performed on Kalzip's behalf. *See* Declaration of Kevin J. Clancy (Dkt. 104-1), ¶ 15.

[3] The Terms and Conditions of Sale governing the parties' relationship provide in pertinent part that Kalzip "shall be entitled to recover all of its costs, fees (including reasonable attorney's fees) and expenses in pursuing any and all of its remedies against [TL Hill]." *See* Terms and Conditions of Sale (Dkt. 82-1), p.9 ¶4(a).

[4] Each of the motions were granted in whole or part and on two occasions the Court ordered TL Hill to pay monetary sanctions.

affidavit of an independent expert or other evidence demonstrating the reasonableness of the hourly rates or hours expended.

### *Applicable Standard*

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). With respect to rates, an applicant may meet this burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Id.* at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[5]

---

[5] The factors set forth in Rule 4-1.5, Rules Regulating the Florida Bar, are to be considered in determining a reasonable fee. *Standard Guaranty Inc. Co. v. Quanstrom*, 555 So.2d 828, 830-31 n.3 (Fla. 1990). These factors include:

(1) The time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;

(4) The significance of, or amount involved in, the subject matter of the representation, responsibility involved in the representation, and the results obtained;

(5) The time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services ... .

Kalzip has not specifically addressed how each of these factors warrant the substantial fee award requested and an independent review of the record suggests that none of the factors support an award in the amount claimed by Kalzip.

### *Reasonableness of Hours Expended*

Plaintiff seeks compensation for 743.7 hours of legal work on this matter, inclusive of 3.6 hours performed by a firm paralegal. TL Hill argues that Kalzip's request for attorney's fees is based on an inflated number of hours, suggesting that Kalzip repeatedly billed for duplicative and unnecessary services. TL Hill contends that the unreasonableness of Kalzip's request is evidenced by the fact that Kalzip out-billed TL Hill by 73% in connection with "intake and review," 59% in connection with "discovery related motions," 61% in connection with "Kalzip's motion for summary judgment," and 86% in connection with "case management and pre-trial statement."[6]

"[T]he attorney fee applicant should present records detailing the amount of work performed. Counsel is expected, of course, to claim only those hours that he could properly bill to his client. Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985) (citations omitted). The fee opponent then "has the burden of pointing out with specificity which hours should be deducted." *Centex–Rooney Const. Co., Inc. v. Martin County*, 725 So.2d 1255, 1259 (Fla. 4th DCA 1999); *see also Norman*, 836 F.2d at 1301.

---

[6] In contrast to the $223,375.11 in attorney's fees requested by Kalzip, it appears that TL Hill incurred attorney's fees of approximately $60,000 in connection with this matter. *See* Billing Statement (Dkt. 106-1), p. 43. While numerous discovery disputes and complications raised by TL Hill's counterclaims seeking damages in excess of $10,000,000 undoubtedly resulted in an increase in the time Kalzip's counsel expended on this litigation, those factors alone do not support a fee award of approximately four times the attorney's fees incurred by TL Hill. Notwithstanding, the time spent by TL Hill's attorneys is not determinative of what was reasonable and necessary for Kalzip's attorneys. *See Johnson v. Univ. College of the Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983) (hours needed by one side to prepare may differ substantially from that of opposing counsel, since the nature of the work may vary dramatically and the case may have far greater precedential value to one side than the other); *HCA Health Servs. of Fla., Inc., v. Hillman*, 870 So. 2d 104, 106 (Fla. 2d DCA 2003)(fees of prevailing party cannot be predicated on fees of opponent).

A review of the time records submitted by Kalzip, including a comparison of those records with the time records submitted by TL Hill, reveals that the 743.7 hours claimed by Kalzip includes unnecessary, excessive, and redundant time entries. *See EEOC v. Enterprise Leasing Co., Inc.*, No. 8:00CV2012T24EAD, 2003 WL 21659097, at *3 (M.D. Fla. May 16, 2003) (exclusions for unnecessary or excessive time expended is left to the discretion of the trial court ) (citing *Norman*, 836 F.2d at 1301)). While "[t]here is nothing inherently unreasonable about a client having multiple attorneys," *Norman*, 836 F.2d at 1302, it appears from the time records that two or more of Kalzip's attorneys essentially performed the same work, *see Johnson v. University College of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983). At a minimum, the time records lack adequate detail to demonstrate how the work reflected in similar time entries by separate attorneys was necessary in connection with this litigation. This is particularly evident in the numerous entries from different time keepers relating to the preparation of the complaint, case management, and the preparation of the joint pretrial statement.[7]

Based on a review of the time records supplied by Kalzip and the Declaration of Kevin J. Clancy, the reasonable number of hours expended by each timekeeper should be reduced as follows:

| Timekeeper | Hours Claimed | % Reduction | Hours Allowed |
| --- | --- | --- | --- |
| Gerald Haberkorn | 14.1 | 10% | 12.7 |
| Deborah M. O'Brien | 144.9 | 20% | 115.9 |
| Kevin J. Clancy | 161.7 | 20% | 129.4 |

---

[7] That is not to say, however, that Kalzip did not benefit from having multiple attorneys working on the same or similar matters, or that there was anything inappropriate about that, merely that the expense of multiple attorneys should not be reasonably passed on to TL Hill. *See Hermosilla v. Coca-Cola Co.*, No. No. 10–21418–CIV, 2011 WL 9364952, at *16 (S.D. Fla. July 15, 2011).

| | | | |
|---|---|---|---|
| Simon J. Hill | 285.4 | 20% | 228.3 |
| Brian R. Orr | 144.0 | 20% | 115.2 |
| Joseph L. Meagher | 3.6 | 0% | 3.6 |

*See Mills by Mills v. Freeman*, 118 F.3d 727, 734 (11th Cir. 1997) ("Although the party seeking fees has the burden of supplying the court with detailed evidence from which the court can determine a reasonable fee, where that party presents inadequate documentation the court may determine a reasonable award based on its own experience."); *see also Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001) (holding that submission of 569.30 hours for compensation was extensive enough that district court was not required to conduct an hour-by-hour analysis); *St. Fleur v. City of Ft. Lauderdale*, 149 Fed. Appx. 849, 854 (11th Cir. 2005) (holding district court did not abuse its discretion in reducing plaintiff's total hours claimed by 30 percent).

### *Reasonableness of Hourly Rate*

Kalzip proposes hourly rates ranging from $125 per hour for a paralegal to $400 per hour for a "Senior Managing Partner" with over 26 years of legal experience.[8] TL Hill argues that the requested rates are unreasonable and do not reflect the prevailing market rate for similarly trained and experienced lawyers in the Tampa area. While TL Hill does not propose a specific hourly rate, it notes that a Florida Bar survey revealed that in 2012 only 20% of attorneys in central and southwest Florida reported their hourly rates over $300 and that 62% reported hourly rates at $250 or below. *See* The Florida Bar, *Results of the 2012 Economics and Law Office Management Survey* (Feb. 13, 2013).

---

[8] With the exception of years of practice, their practice concentration, and the jurisdictions in which they are admitted to practice, Kalzip provides no information regarding the experience of counsel.

6

In *Florida Patient's Compensation Fund*, 472 So.2d 1145 (1985), the Florida Supreme Court stated:

> In establishing this hourly rate, the court should assume the fee will be paid irrespective of the result, and take into account all of the [Rule 4-1] factors except the "time and labor required," the "novelty and difficulty of the question involved," the "results obtained," and "[w]hether the fee is fixed or contingent." The party who seeks the fees carries the burden of establishing the prevailing "market rate," *i.e.*, the rate charged in that community by lawyers of reasonably comparable skill, experience and reputation, for similar services.

*Id.* at 1150–51. Further, "[t]he court ... is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees." *Norman*, 836 F.2d at 1303.

Based on a review of the limited information furnished by Kalzip relating to the experience and training of the attorneys involved in this matter, *see* Declaration of Kevin J. Clancy (Dkt. 104-1), ¶¶ 3-8, the following amounts reflect reasonable hourly rates for similarly experienced counsel in the Tampa legal market:

| *Timekeeper* | *Position* | *Rate Per Hour* |
| --- | --- | --- |
| Gerald Haberkorn | Senior Managing Partner | $350 |
| Deborah M. O'Brien | Of Counsel | $300 |
| Kevin J. Clancy | Partner | $285 |
| Simon J. Hill | Of Counsel | $285 |
| Brian R. Orr | Senior Associate | $200[9] |
| Joseph L. Meagher | Paralegal | $100 |

---

[9] Kalzip's counsel's time records reveal that some of the work performed by Brian R. Orr was billed at a reduced rate of $150.

*See Norman,* 836 F.2d at 1303 (the court is itself an expert); *see also Rynd v. National Mut. Fire Ins. Co.,* No. 8:09-CV-1556-T-27TGW, 2012 WL 939387, at *15-16 (M.D. Fla. Jan. 25, 2012) (concluding that an hourly rate of $375-$400 is consistent with Tampa rates for highly experienced attorneys, a reasonable hourly rate in Tampa for an attorney with five years of experience is $200, and that a reasonable hourly rate for an experienced paralegal in Tampa is $95); *Sure Fill & Seal, Inc. v. GFF, Inc.,* No. 8:08-CV-882-T-17TGW, 2012 WL 5227676, at *12-13 (M.D. Fla. April 2, 2012) (concluding that reasonable hourly rate for AV-rated attorney with over 20 years of experience was $325 and a reasonable hourly rate for an associate with six years of experience was $175).

### *Lodestar Calculation*

Based on the foregoing, Plaintiff is entitled to recover attorney's fees in the amount of $164,559.50, calculated as follows:

| *Timekeeper* | *Hourly Rate* | *Number of Hours* | *Sum* |
|---|---|---|---|
| Gerald Haberkorn | $350 | 12.7 | $4,445.00 |
| Deborah M. O'Brien | $300 | 115.9 | $34,770.00 |
| Kevin J. Clancy | $285 | 129.4 | $36,879.00 |
| Simon J. Hill | $285 | 228.3 | $65,065.50 |
| Brian R. Orr | $200 | 115.2 | $23,040.00 |
| Joseph L. Meagher | $100 | 3.6 | $360.00 |
| | | **Total Lodestar Amount**: | **$164,559.50** |

Accordingly, it is **ORDERED AND ADJUDGED**:

(1) Plaintiff/Counter-Defendant's Motion for Attorney's Fees and Entry of Final Judgment (Dkt. 104) is **GRANTED** in part and **DENIED** in part.[10]

(2) Kalzip, Inc. is entitled to the entry of a final judgment in its favor and against TL Hill Construction, LLC, in the amount of $462,828.12, consisting of $223,375.11 in actual damages, $164,559.50 in attorney's fees, $7,428.28 in litigation expenses, and $67,465.23 in prejudgment interest. The Clerk is directed to enter judgment accordingly.

(3) The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** this 25th day of June, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[10] TL Hill's request for oral argument on the reasonableness of Kalzip's attorney fee request is **DENIED**.